XIU RU LIN, Petitioner,

v.

Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.

No. 07–1583–ag.

United States Court of Appeals, Second Circuit.

Dec. 12, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Xiu Ru Lin, Brooklyn, NY, pro se.

Peter D. Keisler, Assistant Attorney General, Aviva L. Poczter, Senior Litigation Counsel, Melissa S. Leibman, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Xiu Ru Lin, a native and citizen of China, seeks review of the March 26, 2007 order of the BIA affirming the September 1, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Ru Lin,* No. A95 673 868 (B.I.A. Mar. 26,

2007), *aff'g* No. A95 673 868 (Immig. Ct. N.Y. City Sept. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

◼ As an initial matter, although Lin is challenging the denial of relief in "asylum-only" proceedings—as opposed to an actual removal order—we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir. 2006).

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007); *see also Gjolaj v. BCIS*, 468 F.3d 140, 143 (2d Cir.2006) (reviewing the question of nexus for substantial evidence). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

◼ We find that substantial evidence supports the agency's conclusion that the events Lin described did not implicate a protected ground, but occurred on account of her loss of a civil action against her employer. Although it is possible that a reasonable fact-finder could have deduced from the available circumstantial evidence that the court or the police imputed a political opinion to Lin, she does not point to any record evidence that would compel this contrary conclusion. *See Gjolaj*, 468 F.3d at 142–43; *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir.2005) (asylum applicants are required to show the persecutor's motive through direct or circumstantial evidence). Furthermore, there is no evidence that any possible future attempts by Chinese police to arrest Lin would be even partially motivated by their perception of her political opinion. *See Osorio v. INS*, 18 F.3d 1017, 1028 (2d Cir.1994); *see also Yueqing Zhang*, 426 F.3d at 545. As such, the agency's denial of her asylum claim was not improper.

◼ Regarding withholding of removal and CAT relief, because Lin failed to challenge the IJ's denial of these claims in her appeal to the BIA, as a statutory matter we lack jurisdiction to consider them. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006). Accordingly, we dismiss the petition for review with respect to these claims.

◼ Finally, because Lin failed to raise before the agency her alleged fear of persecution on account of China's coercive family planning policy, and because the government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20, 124 (2d Cir.2007); *see also* 8 U.S.C. § 1252(b)(4)(A) (noting that this Court's review is limited to "the administrative record on which the [challenged] order of removal is based").

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).